# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2014

Lyle W. Cayce
Clerk

No. 13-41304
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IDELFONSO GARCIA-BENITEZ, also known as Ildelfonso Garcia-Benitez, also known as Eldefonso Garcia-Benitez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-308-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Idelfonso Garcia-Benitez pleaded guilty to one count of conspiracy to transport undocumented aliens causing serious bodily injury and placing in jeopardy the lives of other persons; 14 counts of transportation of an undocumented alien causing serious bodily injury and placing in jeopardy the life of an undocumented alien; and one count of illegal reentry following a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41304

previous deportation.  The district court imposed a sentence of 120 months of imprisonment and three years of supervised release.  Garcia-Benitez argues that his above-guidelines sentence is unreasonable because the guidelines range adequately accounted for his conduct and the deaths of seven illegal aliens.

The 120-month sentence challenged by Garcia-Benitez was the result of an upward variance from the Guidelines.  *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).  Because Garcia-Benitez did not object to the reasonableness of his sentence before the district court, review is for plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  Garcia-Benitez thus must show an error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

The record indicates that the district court properly considered the 18 U.S.C. § 3553(a) factors.  The 120-month sentence reflected the seriousness of Garcia-Benitez's offense, the need to promote respect for the law, the need to provide just punishment, and the need to protect the public from future crimes.  The sentence imposed "was reasonable under the totality of the relevant statutory factors."  *Brantley*, 537 F.3d at 349 (internal quotation marks and citation omitted); *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).  Accordingly, the judgment of the district court is AFFIRMED. *See Gall v. United States*, 552 U.S. 38, 51 (2007).